## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2020, 9:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Fred Pfenninger
Pfenninger & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Steven E. Runyan
Kevin D. Koons
Portia Bailey-Bernard
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CSI Protective Services LLC,

*Appellant-Plaintiff,*

v.

Paragon Properties Company
a/k/a Paragon Properties LLC,
and Justin Dunckel,

*Appellees-Defendants*

June 10, 2020

Court of Appeals Case No.
19A-CC-2643

Appeal from the Marion Circuit
Court

The Honorable Sheryl L. Lynch,
Judge

Trial Court Cause No.
49C01-1705-CC-17418

**Baker, Judge.**

[1] CSI Protective Services LLC (CSI) appeals the trial court's order granting summary judgment in favor of Paragon Properties Company (Paragon) and Justin Dunckel on CSI's complaint for breach of contract. Finding no error, we affirm.

## Facts

[2] Before September 2015, Chapel Hill Apartments in Indianapolis was an apartment complex owned by Chapel Hill Indiana, LLC. In 2015, MF Blue Valley Apartments LLC (Blue Valley) purchased Chapel Hill Apartments at a Sheriff's sale. Blue Valley recorded the Sheriff's Deed on September 3, 2015.

[3] Paragon is a limited liability company that performs property management services. Dunckel is the president of Paragon. At some point, Blue Valley engaged Paragon to manage Chapel Hill Apartments; in that capacity, Paragon was authorized to enter into agreements on Blue Valley's behalf.

[4] On September 14, 2015, CSI, a limited liability company that provides security services for apartment complexes, executed a contract (the Contract) to provide security services to Chapel Hill. The Contract, which was drafted by CSI, states that it is between CSI and Chapel Hill Apartments. Chad Butts, CSI's CEO, signed for CSI; Dunckel signed on behalf of "Chapel Hill Apartments Management," in his capacity as president of Paragon. Appellant's App. Vol. II p. 166.

[5] CSI and Paragon had a business relationship prior to the Contract, as CSI had provided security services for other properties managed by Paragon over the

course of several years. In multiple communications before the execution of the Contract, Butts confirmed CSI's knowledge that Paragon was a third-party property manager that did not actually own Chapel Hill Apartments.

On May 2, 2017, CSI filed a complaint against Paragon for breach of contract, alleging that CSI had not been paid for its security work at Chapel Hill Apartments. CSI later added Dunckel, in his personal capacity, as a defendant. On September 6, 2018, Paragon and Dunckel filed a motion for summary judgment. Following briefing and a hearing, the trial court granted summary judgment in favor of Paragon and Dunckel on October 10, 2019. In relevant part, the trial court found and concluded as follows:

> 26. The parties do not dispute Paragon, through Justin Dunckel, acted on behalf of Blue Valley, owner of Chapel Hill Apartments, when it executed the Contract with CSI.

> 27. CSI disputes that it knew the specific identity of Paragon's principal, Blue Valley, saying that Paragon's principal was "undisclosed."

***

> 44. . . . Paragon provided the identity of the complex (and address) which was sufficient to identify the principal because the owner of the complex (the principal) was readily available through property records.

> 45. The Sheriff's deed is public information where the owner of Chapel Hill Apartments is identified as Blue Valley.

> Thus, Paragon was not withholding the identify of the principal or that a principal exists.

> ***

> Conclusion

> The Court . . . now finds that the evidence is undisputed that Justin Dunckel, president of Paragon, signed the contract engaging the services of CSI in his capacity as agent of Chapel Hill Apartments. Chapel Hill Apartments, and its owner, Blue Valley[,] is a separate and distinct entity from its property management provider, Paragon. This information was readily apparent and ascertainable both before and after the Contract was executed. Therefore, CSI's argument that Paragon's principal was undisclosed fails.

Appealed Order p. 5-10. CSI now appeals.

# Discussion and Decision

CSI argues that there is an issue of fact rendering summary judgment improper. Specifically, CSI contends that it did not know that Paragon, as agent, was acting on behalf of Blue Valley, as principal, when executing the Contract.

Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence

of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[9] To avoid personal liability, an agent must, at the time of contracting, disclose the capacity in which he acts and the existence and identity of his principal. *Brown v. Owen Litho Serv., Inc.*, 179 Ind. App. 198, 201, 384 N.E.2d 1132, 1135 (1979). Generally, whether there is an agency relationship is a question of fact, but if the evidence is undisputed, summary judgment may be appropriate. *Rogers v. Sigma Chi Int'l Fraternity*, 9 N.E.3d 755, 764 (Ind. Ct. App. 2014).

[10] With respect to Dunckel in his individual capacity, the evidence is undisputed that at all times, he acted as an agent for Paragon and that CSI knew that Dunckel was acting as such. Dunckel is not named in or identified as a party to the Contract. The signature block bearing his signature identifies that he was providing a "Signature for Client" and reflects that he was signing in an official capacity as president of Paragon. Appellant's App. Vol. II p. 166. Nothing in the record remotely suggests that there was any confusion about the fact that Dunckel was acting on behalf of Paragon. Consequently, the trial court did not err by granting summary judgment in favor of Dunckel as an individual.

[11]     Next, with respect to Paragon, CSI seems to argue that it did not know that Paragon was acting as an agent. The record belies that argument. CSI had prior dealings with Paragon and was aware that Paragon was a third-party property manager. In fact, it is undisputed that CSI knew that Paragon was acting as an agent in its operation of Chapel Hill Apartments. Indeed, CSI drafted the Contract, which stated that the contracting parties were CSI and Chapel Hill Apartments. Paragon is not named in or identified as a party to the Contract.

[12]     It is somewhat unclear from the brief, but CSI appears to be arguing that even if it was aware that Paragon was acting as an agent, CSI did not actually know the identity of Blue Valley as Paragon's principal. This Court has explained what evidence is necessary for an agent to avoid personal contractual liability:

> It is well-established that an agent, in order to avoid personal liability, must, at the time of contracting, disclose both the capacity in which he acts and the existence and identity of his principal. It is not sufficient that the third person has knowledge of facts and circumstances which would, if reasonably followed by inquiry, disclose the existence and identity of the principal. It is not the duty of third persons to seek out the identity of the principal. Rather, the weight of authority holds that the duty to disclose the identity of the principal is upon the agent. Thus, unless the third person knows or *unless the facts are such that a reasonable person would know of the principal's existence and identity,* the agent must be held to be acting for an undisclosed principal and is held liable in the same manner as if he were the principal. Actual knowledge brought by the agent or, what is the same thing that which to a reasonable man is equivalent to actual knowledge is the criterion of the law.

*Brown*, 179 Ind. App. at 201-02, 384 N.E.2d at 1135 (internal citations and footnotes omitted) (emphasis added).

[13] Here, as noted above, CSI was actually aware that Paragon was acting as a third-party property manager—in other words, as an agent. It is possible that CSI may not have been aware that the apartment complex had been purchased by Blue Valley,[1] but it was certainly aware that the complex was owned by an entity other than Paragon. In other words, Paragon did not attempt to hide the proverbial ball, and CSI did not operate under a mistaken impression. The parties were on the same page when executing the Contract, understanding that Dunckel signed on behalf of Paragon, which entered into the agreement on behalf of the owner of the apartment complex—Blue Valley.

[14] In sum, the evidence is undisputed that CSI was aware that Paragon was acting on behalf of the property owner and that, in drafting the Contract, CSI did not include Paragon as a contracting party. It is likewise undisputed that Paragon was acting as an agent on behalf of Blue Valley and, as such, cannot be held liable for any alleged breaches of the Contract.

[15] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.

---

[1] The recorded Sheriff's Deed was a public record that was available before the Contract was executed. Therefore, had CSI conducted a search, it would have learned that the apartment complex had been sold to Blue Valley.